**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

PRUCO LIFE INSURANCE COMPANY,      *

    Plaintiff,      *

v.      *      Civil Action No. CJC-25-1893

MARY BEZOLD, *et al.*,      *

    Defendants.      *

**MEMORANDUM ORDER**

Now pending before the Court is Plaintiff Pruco Life Insurance Company's Consent Motion for Interpleader Relief (the "Motion"). ECF No. 39. Defendants-Cross Claimants Mary Bezold and Mary E. Lanahan consent to the relief sought. I have reviewed the Motion and conclude that no hearing is necessary. Loc. R. 105.6. For the reasons articulated below, Plaintiff's Motion is GRANTED. Plaintiff is DISMISSED WITH PREJUDICE and the remaining parties shall be REALIGNED consistent with this Memorandum Order.

There are two stages to an interpleader action: "First, the Court determines whether the interpleader action is proper and, if so, next must determine who among the interpleader parties receives the interpleaded funds." *Metro. Life Ins. Co. v. Jones*, Civil Action No. RDB-24-3713, 2025 WL 1474311, at *3 (D. Md. May 22, 2025) (citation omitted). The first stage is at issue in the instant Motion. In this first stage, a court must decide if an interpleader action is proper by considering whether: "(1) it has jurisdiction over the suit; (2) a single fund is at issue; (3) there

are adverse claimants to the fund; (4) the stakeholder is actually threatened with multiple liability; and (5) equitable concerns prevent the use of interpleader." *Id.* (citation omitted).[1]

As to the first consideration, the Court has jurisdiction over the action. Plaintiff asserts a so-called "rule interpleader" action pursuant to Rule 22 of the Federal Rules of Civil Procedure.[2] Plaintiff must therefore satisfy "one of the statutory grants of federal jurisdiction, such as diversity jurisdiction." *Canal Ins. Co. v. Partee*, Civil Action No. WDQ-06-3330, 2007 WL 9780545, at *2 (D. Md. Oct. 18, 2007). Here, Plaintiff satisfies diversity jurisdiction because (1) Plaintiff is a citizen of Arizona and New Jersey, while Defendants are citizens of Maryland; and (2) the amount in controversy, $120,111.04, exceeds the $75,000 jurisdictional threshold. 28 U.S.C. § 1332; ECF No. 1 ¶¶ 1–5, 10.

As to the second consideration, the parties agree that a single fund—the annuity death benefit of Daniel T. Bruno—is at issue here. ECF No. 39 at 1.

Regarding the third consideration, there are adverse claimants to the fund because Defendant Mary Bezold and Defendant Mary E. Lanahan, in her capacity as personal representative of the Estate of Daniel T. Bruno, each claim she is the rightful beneficiary of Bruno's annuity death benefit. *See* ECF No. 11 ¶ 12; ECF No. 12 ¶¶ 33–34.

---

[1] At the second stage of an interpleader action, the Court "determine[s] the rights of the competing claimants to the property or fund" in the normal course of litigation, including through trial. *AmGUARD Ins. Co. v. Ortiz*, Civil Action No. CCB-18-3885, 2020 WL 3971743, at *2 (D. Md. July 14, 2020) (citation omitted); *see also Wells Fargo Bank, N.A. v. Wanki*, Civil Action No. GJH-19-871, 2019 WL 6684134, at *2 (D. Md. Dec. 6, 2019).

[2] The Court reaches this conclusion by deduction, as Plaintiff could not have asserted an interpleader action via statute, 28 U.S.C. § 1335, which requires, in part, diversity of citizenship between two or more adverse claimants. *See* 28 U.S.C. § 1335(a)(1). Defendants Mary Bezold and Mary E. Lanahan are both citizens of Maryland.

Under the fourth consideration, Plaintiff is actually threatened with multiple liability because Defendants assert opposing claims to Bruno's annuity death benefit and Plaintiff "may be threatened with liability if it is obligated to determine who is entitled to the funds and decides incorrectly." *Mfrs. & Traders Tr. Co. v. Del Conca USA, Inc.*, Civil Action No. GJH-16-3346, 2017 WL 3175567, at *3 (D. Md. July 25, 2017).

Finally, as to the fifth consideration, there are no equitable concerns that would prevent the use of interpleader. Plaintiff is a disinterested stakeholder in Bruno's annuity death benefit and Defendants have consented to Plaintiff's dismissal from this case. ECF No. 39; *see Jones*, 2025 WL 1474311, at *4.

Because the five considerations are met, interpleader is proper, and the Court may "dismiss the stakeholder with prejudice and discharge it from all liability with respect to the … funds, and prohibit the claimants from initiating or pursuing any action or proceeding against the stakeholder regarding the relevant insurance policy or plan." *Metro. Life Ins. Co. v. Vines*, Civil Action No. WDQ-10-2809, 2011 WL 2133340, at *2 (D. Md. May 25, 2011). Accordingly, the Court grants the Motion and the parties' requested relief therein.[3]

For the reasons stated above, it is hereby ORDERED that:

1.    Plaintiff's Consent Motion for Interpleader Relief, ECF No. 39, is GRANTED;

2.    Plaintiff shall maintain a restriction on the annuity subject to this action (Number E2018415) such that it shall refrain from processing any request from any person to

---

[3] Upon the dismissal of Plaintiff, Defendants will be on opposite sides of the case and citizens of the same state. This does not present a diversity jurisdiction issue, however, because the Fourth Circuit has held that that a court retains jurisdiction over a dispute between nondiverse claimants after the stakeholder-plaintiff is dismissed from an interpleader case. *Leimbach v. Allen*, 976 F.2d 912, 916–17 (4th Cir. 1992).

withdraw funds from the annuity pending further order of the Court or a settlement agreement duly executed by Defendants;

3.   Plaintiff shall be, and is, discharged from any and all liability to Defendants relating to the annuity and/or the death benefit;

4.   Defendants are permanently enjoined from bringing any action or proceeding in any forum, or making any further actual or implied claims, demands and causes of action, asserted or unasserted, liquidated or unliquidated, arising out of or in connection with Plaintiff relating to the annuity and/or the death benefit due thereunder;

5.   Defendants shall, and by this Order are deemed to, release, remise, and forever disclaim all claims, rights, interests and actions that such Defendants might otherwise have held against Plaintiff and its present and former parents, subsidiaries and affiliated corporations, predecessors, successors and assigns and their respective officers, directors, agents, employees, representatives, attorneys, fiduciaries and administrators, with respect to the death benefit and/or the annuity; and

6.   Plaintiff is hereby DISMISSED from this action, WITH PREJUDICE, with Plaintiff bearing its own fees and costs.

7.   The Clerk shall TERMINATE Plaintiff as a party and REALIGN the remaining parties as follows: Mary E. Lanahan, as personal representative of the Estate of Bruno, is Plaintiff, and Mary Bezold is Defendant. This case will continue with respect to the claims brought between and among the remaining parties.

Date: April 21, 2026

_____/s/_____
Chelsea J. Crawford
United States Magistrate Judge

4